IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL GREGORY HEDGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-553-GPM |
| | ) |
| GUY D. PIERCE, et al., | ) |
| | ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Daniel Gregory Hedger, currently incarcerated in the Pontiac Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court finds that he is indigent. Therefore, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

### THE PETITION

In 2002, Hedger was convicted of first degree murder in Saline County, Illinois; he currently is serving a 30-year sentence. After pursuing his direct appeal and post-conviction proceedings in state court, Hedger now presents nine separate grounds for relief in his federal habeas corpus petition:

- his right to due process was violated due to a *Brady* violation regarding discovery;

- his right to due process was violated with presentation of forensic evidence that had been destroyed by the state's expert witness;

- the evidence did not support a finding of guilt beyond a reasonable doubt;

- his right to due process was violated due to prosecutorial misconduct;

- trial counsel was ineffective in failing to present evidence of Hedger's intoxication as a defense;

- trial counsel was ineffective in failing to produce expert testimony regarding Hedger's bi-polar condition;

- his right to due process was violated by improper comments by the state's attorney during closing arguments;

- his right to due process was violated by a finding a guilt "against the manifest weight of the evidence"; and

- appellate counsel was ineffective in failing to raise all the above issues on direct appeal.

**APPOINTMENT OF COUNSEL**

Before the Court is Hedger's motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

When presented with a request to appoint counsel in a civil case, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff

appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Hedger has attempted to obtain counsel or been effectively precluded from doing so. Therefore, his motion for the appointment of counsel is **DENIED** without prejudice.

### PARTIES

Before further proceedings are ordered, a few words about the named respondents are necessary. Hedger names as a respondent not only the warden of his prison but also the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is Hedger's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added); *see also Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Hedger is incarcerated, the only proper respondent is Warden Pierce. The Illinois Attorney General is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

SUMMARY

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 11/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge