IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL GREGORY HEDGER | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. 3:10-cv-553-DRH-DGW |
| | ) |
| GUY D. PIERCE, | ) |
| | ) |
|     Respondent. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss filed by the Respondent on December 1, 2010 (Doc. 9). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, that the case be **DISMISSED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

On April 11, 2002, after a bench trial in the Circuit Court of Saline County, Illinois, Petitioner Daniel Gregory Hedger was convicted of murdering his infant daughter. He was sentenced to natural life in prison. On May 21, 2004, the Appellate Court of Illinois, Fifth District, affirmed the Petitioner's conviction but vacated his sentence and remanded the case to the trial court for resentencing. Petitioner was resentenced to 30 years' imprisonment on July 30, 2004. Petitioner did not file a direct appeal after resentencing (Doc. 1-1, p. 1).

On April 13, 2007, Petitioner filed a pro se "Petition for Relief from Judgment" in the trial court arguing that the statute under which he was convicted was illegal and unenforceable. The

petition for relief from judgment did not raise other constitutional infirmities in his conviction or sentencing, and specifically did not include claims of ineffective assistance of counsel. The state moved to dismiss the petition as untimely and improperly served. In response, the Petitioner withdrew his petition on August 8, 2007 (Doc. 1-1, pp. 2-3).

On August 13, 2007, Petitioner filed a petition for post-conviction relief in the trial court pursuant to 725 ILCS 5/122-1. Petitioner admitted that the petition was not timely filed, but argued that the delay in filing was caused by institutional lockdowns at the prisons where he was housed, limited access to the law library, frequent transfer among Illinois Department of Corrections institutions, and resulting loss of legal papers. The trial court denied leave to file an untimely petition for post-conviction relief. Plaintiff appealed the denial, arguing that due to the aforementioned conditions of his incarceration he was not culpably negligent for the untimely filing. The Appellate Court disagreed and affirmed the trial court's dismissal of the post-conviction petition as untimely. The Court asserted, "The record supports the conclusion that defendant failed to proffer any cognizable reason for his failure to file a timely postconviction petition" (Doc. 1-1, pp. 1-9). Petitioner filed a petition for leave to appeal in the Supreme Court of Illinois, which was denied on May 26, 2010 (Doc. 1-1, p. 13).

Petitioner filed a *pro se* petition for writ of habeas corpus in this Court on July 26, 2010. He raised the following grounds for relief: 1) favorable forensic evidence was destroyed by the state's expert witness; 2) the trial court erred in allowing testimony regarding the destroyed evidence; 3) the evidence presented was insufficient to find him guilty of murder beyond a reasonable doubt; 4) the prosecution engaged in misconduct; 5) his trial counsel was ineffective for failing to raise the defense of intoxication; 6) his trial counsel was ineffective in failing to

provide expert testimony regarding his bipolar disorder; 7) the prosecutor made improper closing arguments; 8) he was found guilty against the manifest weight of the evidence; and 9) his appellate counsel was ineffective for failing to raise the previous eight claims for relief.

Respondent filed a Motion to Dismiss the petition as untimely on December 1, 2010 (Doc. 9). Petitioner did not file a response to the motion. On April 19, 2011, the Court entered an Order to Show Cause ordering Petitioner to state in writing by May 20, 2011, why the petition should not be dismissed (Doc. 13).

On April 21, 2011, Petitioner filed a response to the Order to Show Cause. Petitioner conceded that his petition was untimely, but argued that the Court should consider the grounds raised because ineffective assistance of counsel caused the procedural default and resulting prejudice, and that failure to overlook the procedural default would result in a fundamental miscarriage of justice (Doc. 14).

## CONCLUSIONS OF LAW

***The petition for writ of habeas corpus is untimely.***

An inmate in state custody may challenge his underlying state conviction in a petition for habeas corpus relief filed pursuant to 28 U.S.C. §2254. This code section imposes prerequisites to habeas relief, which include, *inter alia*, the exhaustion of state court remedies and a showing that the state courts erred in either the law applied to the petitioner's claims or the facts relied upon in making a legal decision. Under 28 U.S.C. §2244(d), a habeas petition must be filed within strict time limits:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The burden is on the respondent to show that the petition is untimely. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). Respondent argues that the petition is untimely because it was filed more than a year after the expiration of the time Petitioner could have sought direct review in an Illinois appellate court.

Section 2244(d)(1)(A) provides that the one-year limitation period begins to run at the conclusion of Petitioner's direct appeal or the expiration of the time for seeking such review. Petitioner here did not file a direct appeal. He was resentenced on July 30, 2004. Under Illinois law, Petitioner had thirty days to file a notice of appeal. *See* ILCS Sup. Ct. Rule 606(b). Thus, his conviction was "final" under section 2244(d) on August 29, 2004, thirty days after his resentencing. From that date he had one year, that is until August 29, 2005, in which to file a petition for writ of habeas corpus here. He did not file his petition for writ of habeas corpus in this

Court until July 26, 2010, almost six years after his conviction became final, and almost five years after the one-year limitation period had run.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Petitioner filed a petition for post-conviction relief in the trial court on August 13, 2007. The trial court denied Petitioner's state-court petition for post-conviction relief as untimely and the Appellate Court affirmed. The statute allows for tolling of the one-year limitations period only for "properly filed" applications for post-conviction relief. When a state court rejects a petition as untimely, it is not considered to be properly filed, and the statute of limitations, pursuant to section 2244(d)(2), is not tolled for that period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In *Pace*, the Supreme Court held that even if the petition is originally accepted and the merits of its timeliness litigated in state court, when a post-conviction petition is deemed to be untimely under state law, it does not toll the statute of limitations, and "that is the end of the matter for purposes of § 2244(d)(2)." *Pace*, 544 U.S. at 414. Petitioner's petition for post-conviction relief was not "properly filed" because it was untimely. Thus, the petition was insufficient to toll the one-year statute of limitations. Even if the Court were to find that the August 2007 filing of the petition for post-conviction relief in the trial court was "properly filed," the one-year limitations period would have run out before the post-conviction petition was filed. Thus, it could have no tolling effect.[1]

---

[1] Although Petitioner does not raise the issue, Respondent preemptively argues the one-year limitations period is not subject to equitable tolling. The Court agrees. Equitable tolling is limited to extraordinary circumstances, *see Holland v. Florida*, 130 S.Ct. 2549 (2010), and is rarely granted, *see Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). Any entitlement to equitable tolling requires the exercise of reasonable diligence. *Id.* The Court sees no evidence that Petitioner acted diligently in attempting to file his petition and no evidence of extraordinary circumstances that would justify equitable tolling to allow Petitioner to file his petition for writ of habeas corpus almost five years late.

*The claims in the petition are procedurally defaulted.*

In his response to the Court's Order to Show Cause, Petitioner concedes that his petition for writ of habeas corpus was not timely filed. He argues, however, that the Court should still consider the merits of his petition because he can show cause and prejudice for the procedural default.

A federal district court will not review a claim for habeas relief that was rejected by a state court if the state court's judgment rested on "a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 131 S.Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 130 S.Ct. 612, 615 (2009)). When a state court addresses a question of federal law and bases its decision on independent and adequate state law grounds--either substantive or procedural--federal courts generally will not disturb such a finding on habeas review. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("Because this Court has no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."); *Miranda v. Leibach*, 394 F.3d 984, 391-392 (7th Cir. 2005) ("A state ground is deemed independent for this purpose only if the state court actually relied on a state rule sufficient to justify its decision . . . . The adequacy of the state ground is a question of federal law . . . ; the ground is considered adequate only if the state court applies the rule in a consistent and principled way" (citations and quotation marks omitted)). This rule recognizes the importance of "finality, comity, and the orderly administration of justice" and the reluctance of the federal courts to rule contrary to the state court on an issue of state law. *See Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("The procedural default doctrine and its

6

attendant 'cause and prejudice' standard are 'grounded in concerns of comity and federalism,' . . . and apply alike whether the default in question occurred at trial, on appeal, or on state collateral attack." (citations omitted)). The object is to allow the state courts the opportunity to address the petitioner's claims in the first instance. *Id.*

The doctrine that federal habeas review is precluded where a state court judgment rests on an independent and adequate state ground "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 729-30. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 732. Such a petitioner has not exhausted his available state remedies as to the federal claim at issue. *Id.* at 731.

It is not always clear whether "a state court's reference to state law constitutes an adequate and independent state ground for its judgment." *Harris v. Reed*, 489 U.S. 255, 261 (1989). Thus, the Supreme Court applies a presumption that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Id.* at 263 (citations omitted). This "plain statement" doctrine allows a federal court sitting in habeas to review the state court's constitutional determination unless the state makes clear that its decision rests firmly on state law grounds. *Id.*; *see also Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009).

Here, the Illinois Appellate Court's opinion "clearly and expressly" states that Petitioner's post-conviction petition was untimely, and holds that Petitioner "failed to proffer any cognizable

reason for his failure to file a timely postconviction petition." Because the state court relied on untimeliness in affirming the trial court's dismissal of the petition for post-conviction relief, the claim rested upon an independent and adequate state law ground, and this Court may not review it on habeas.

*Nothing excuses the procedural default.*

"When a petitioner does not adequately present a claim to the state courts, he may obtain federal habeas relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice." *Richardson v. Briley*, 401 F.3d 794, 801 (7th Cir. 2005) (quotation marks and citation omitted). In order to establish cause, Petitioner must show that "an external impediment" prevented him from presenting his arguments before the state courts. *See Bintz v. Bertrand*, 403 F.3d 859, 864 (7th Cir. 2005). In order to show prejudice, he must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (quotation marks, citation, and emphasis omitted).

In his response to the Order to Show Cause, Petitioner argues that his trial counsel's ineffectiveness constitutes cause for the untimely filing. He states that his counsel was ineffective "by failing to conform to the duties set forth by the Rules of Professional Conduct, by stripping as client of a viable argument." The Court notes that Petitioner does not state specifically how his counsel's ineffectiveness created an "external impediment" to his filing the petition on time. Thus, his claim of ineffective assistance cannot excuse the default. "A bare mention of ineffective assistance of counsel is not sufficient to avoid a procedural default."

8

*Johnson v. Hulett*, 574 F.3d 428, 432 (7th Cir. 2009). A petitioner must identify "specific acts or omissions of counsel" that support their claim of ineffective assistance. *Id.*

Furthermore, "a claim of ineffectiveness must itself have been fairly, presented to the state courts before it can establish cause for procedural default of another claim." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000)). In other words, a claim that ineffective assistance of counsel caused a procedural default may itself be procedurally defaulted by a petitioner's failure to raise it in state court. *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010) (citing *Edwards*, 529 U.S. at 452-54). Petitioner argued in the Illinois Appellate Court that conditions of his incarceration caused the untimely filing of the petition for post-conviction relief. He did not raise ineffective assistance of counsel as a reason for the untimeliness. Thus, no Illinois court considered the argument that ineffective assistance of counsel caused the procedural default. As a result, that argument is itself procedurally defaulted and therefore cannot constitute cause for the untimely filing.

Petitioner also argues that the Court's failure to review his petition for writ of habeas corpus on its merits would result in a fundamental miscarriage of justice. To succeed on such a claim, Petitioner must show that a constitutional violation occurred which "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). According to the Seventh Circuit,

> [A] defendant who asserts actual innocence as a reason to excuse a procedural default must do more than invoke those words, he "must demonstrate [his] innocence." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003). Indeed, he "comes before the habeas court with a strong—and in the vast majority of cases conclusive—presumption of guilt." *Schlup v. Delo*, 513 U.S. 298, 326, n. 42, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). To rebut this presumption, [a defendant] must make a credible claim, supported by new, reliable evidence of his innocence. *Id.* at 324, 115 S.Ct. 851. He must establish that "in light of the new evidence, no juror,

9

> acting reasonably, would have voted to find him guilty beyond a reasonable doubt."
> Id. at 329, 115 S.Ct. 851.

*Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009). In his response to the Court's Order to Show Cause, Petitioner asserts that but for the ineffectiveness of counsel, he would have properly raised each of his claims in state court. He offers no specific facts or arguments in the response. The Court must return to the petition (Doc. 1) to find any details about his claims of ineffective assistance of counsel.

In the petition, he claims, first, that trial counsel was ineffective for failing to raise the defense of intoxication. Second, he claims that trial counsel was ineffective for failing to produce an expert to testify about bipolar disorder. Neither of these claims, if meritorious, would demonstrate Petitioner's actual innocence. The claims only point out possible defenses that his counsel might have raised at trial. *See Kerr v. Thurmer*, 2011 WL 1105622 *3 (7th Cir. March 28, 2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1422 (2009)) ("The law does not require counsel to raise every available nonfrivolous defense."). The mere identification of potential defenses falls far short of the requirement that Petitioner demonstrate his innocence with new, reliable evidence sufficient to establish that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt."

Petitioner also claims that his appellate counsel was ineffective in failing to raise in state court the grounds for relief raised in the petition for writ of habeas corpus. This claim, if meritorious, also does not demonstrate Petitioner's actual innocence. Moreover, the petition demonstrates that his appellate counsel did file a direct appeal which resulted in a reduction of his sentence from life to 30 years' imprisonment (Doc. 1). To the extent that Petitioner believes his appellate counsel should have assisted him in avoiding the untimely filing of his petition for

post-conviction relief, it is well-established that a criminal defendant has no right to counsel in preparing a post-conviction petition. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Accordingly, Petitioner has not shown that this Court's failure to consider his claims would result in a fundamental miscarriage of justice.

## CONCLUSION

Accordingly, the undersigned recommends that the Court **FIND** that the petition is untimely and procedurally defaulted, and that Petitioner has not provided sufficient justification to overcome the procedural bar. It is therefore **RECOMMENDED** that the Motion to Dismiss filed by Respondent be **GRANTED,** that the petition **DISMISSED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 19, 2011**

*[signature: Donald Wilkerson]*

          **DONALD G. WILKERSON**
          **United States Magistrate Judge**